**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2972

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| James Dale Castleberry, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 7, 1998
Filed: January 12, 1998

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

James Dale Castleberry challenges the 54-month sentence imposed by the district court[1] after he pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341; one count of embezzlement, in violation of 18 U.S.C. § 666(a)(1)(A) and (B); and one count of submitting a false tax return, in violation of 26 U.S.C. § 7206(1).[2] We affirm.

_____

[1] The Honorable Michael James Davis, United States District Judge for the District of Minnesota.

[2] Specifically, Castleberry was sentenced to 54 months imprisonment on the mail fraud charge, a concurrent 54-month sentence on the embezzlement charge, and a concurrent 12-month sentence on the failure-to-file charge.

At sentencing the district court departed upward from the 24-to-30 month Guidelines imprisonment range to 60 months, crediting Castleberry with six months served on a state sentence. For reversal, Castleberry first challenges the extent of the departure. We reject his challenge. Castleberry, who was the chief deputy of the Carver County Sheriff's Department (sheriff's department), stipulated in his plea agreement that he falsely solicited charitable donations from individuals and businesses who believed they were contributing to the sheriff's department; Castleberry also diverted funds from donations based on the sheriff's department's participation in the Drug Abuse Resistance and Education program, and from fees--which Castleberry overstated--for security provided by the sheriff's department at a golf tournament. Over a period of years, Castleberry diverted over $340,000 in such funds.

The district court concluded departure was appropriate because Castleberry's actions had caused a loss of confidence in the sheriff's department, significantly disrupted the functioning of the sheriff's department, and endangered public safety. In the circumstances of this case, we believe the district court did not abuse its discretion in departing to the extent it did. See Koon v. United States, 116 S. Ct. 2035, 2047-48 (1996) (standard of review); cf. United States v. Hart, 70 F.3d 854, 861-62 (6th Cir. 1995) (upward departure from 63 months to 10 years imprisonment was reasonable based on Detroit chief of police's level of responsibility and trust, and conversion of $2.3 million in department funds, which interfered with department's ability to prevent, investigate, and prosecute crimes), cert. denied, 116 S. Ct. 1368 (1996).

Next, Castleberry argues the district court erred in applying an enhancement pursuant to U.S. Sentencing Guidelines Manual § 2F1.1(b)(3)(A) (1997) which provides that two levels are added to a defendant's base offense level if the offense involved "a misrepresentation that the defendant was acting on behalf of a . . . government agency." Castleberry argues that this Guideline is ambiguous because it

is unclear whether it applies to conduct such as Castleberry's; specifically, Castleberry maintains his conduct may not be covered because he did not misrepresent that he was acting on behalf of the sheriff's department but, instead, where the money was going. We believe section 2F1.1(b)(3)(A) clearly applies as Castleberry informed potential donors he was collecting funds on behalf of the sheriff's department when he actually was collecting funds on behalf of himself. See United States v. Lilly, 37 F.3d 1222, 1224-25, 1227-28 (7th Cir. 1994) (finding § 2F1.1(b)(3)(A) enhancement appropriate when pastor told investors funds would be used to finance church improvements and to build retirement complex, but took significant portion of proceeds for personal use), cert. denied, 513 U.S. 1175 (1995).

We likewise reject Castleberry's final argument that the district court violated Federal Rule of Criminal Procedure 32(c)(3)(B) which mandates that, before imposing sentence, the court must give defense counsel an opportunity to speak on behalf of the defendant. See Fed. R. Crim. P. 32(c)(3)(B). A review of the sentencing transcript unequivocally shows the district court heard argument from defense counsel as to the government's departure request and then inquired whether counsel had any further comment before it imposed sentence at which time defense counsel spoke again.

Accordingly, the judgment is affirmed.


A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-